UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT B. SEAMONT, an individual<br><br>              Plaintiff,<br><br>      vs.<br><br>BOARD OF TRUSTEES OF THE SAN DIEGO COMMUNITY COLLECE DISTRICT and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.: 13-CV-2560-BTM-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Defendant San Diego Community College District ("Defendant"), erroneously sued as Board of Trustees of the San Diego Community College District, has filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons set forth herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

# I. BACKGROUND[1]

Defendant is a public entity headquartered in San Diego, California, which, as part of its educational program, owns and operates food service establishments for students and members of the public on the San Diego City College campus. ¶9. Plaintiff Delbert B. Seamont ("Plaintiff") is a disabled individual who relies upon a wheelchair for mobility. ¶8. On March 14, 2013, Plaintiff entered City C coffee shop located on San Diego City College's campus at 1313 Park Blvd. in San Diego, California. ¶18. After Plaintiff purchased his beverage and was waiting to receive it, a female food service employee pointed to Plaintiff's wheelchair while telling him to leave the store. ¶19. Plaintiff protested, though the female employee reiterated that Plaintiff should leave. ¶19. Plaintiff left City C without receiving his purchased coffee. ¶19.

On October 23, 2013, Plaintiff commenced this action against Defendant, asserting the following claims: (1) violation of the Rehabilitation Act of 1973 (29 U.S.C. § 794); (2) violation of the Unruh Civil Rights Act (Cal. Civ. Code §51, 51.5, 52); (3) violation of the Disabled Persons Act (Cal. Civ. Code §54.1); and (4) violation of Cal Govt. §11135 *et seq*. Defendant has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

---

[1] Unless otherwise noted, all facts herein are taken from the Complaint and all "¶" citations are references to paragraphs of the Complaint. For purposes of the motion to dismiss, the Court accepts as true the allegations of the Complaint. Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976). All references to a "Rule" refer to the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A motion to dismiss tests the sufficiency of a complaint or counterclaim, facilitating dismissal to the extent the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed "in the light most favorable to the nonmoving party."  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (internal brackets, quotation marks, and citation omitted).  Hence, the Court need not assume unstated facts, nor will it draw unwarranted inferences.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

1   Under Twombly, a plaintiff must allege "enough facts to state a claim to
2   relief that is plausible on its face." 550 U.S. at 570. "A claim has facial
3   plausibility when the plaintiff pleads factual content that allows the court to draw
4   the reasonable inference that the defendant is liable for the misconduct alleged."
5   Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "The plausibility
6   standard is not akin to a probability requirement, but it asks for more than a sheer
7   possibility that a defendant has acted unlawfully. When a complaint pleads facts
8   that are merely consistent with a defendant's liability, it stops short of the line
9   between possibility and plausibility of entitlement to relief." Id. (internal quotation
10  marks and citations omitted). In sum, if the facts alleged raise a reasonable
11  inference of liability – stronger than a mere possibility – the claim survives; if they
12  do not, the claim should be dismissed. See Iqbal, 556 U.S. at 679.

### III. DISCUSSION

14  Defendant moves to dismiss the Complaint in its entirety for lack of subject
15  matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a
16  claim, pursuant to Fed. R. Civ. P. 12(b)(6).

**A.   State Law Claims**

18  Defendant argues that it has sovereign immunity from Plaintiff's state law
19  claims under the Eleventh Amendment, and that such immunity has not been
20  abrogated. Thus, Defendant argues that the Court lacks subject matter jurisdiction
21  over Plaintiff's state law claims. Plaintiff concedes that his state law claims are

```
```

precluded in federal court by the Eleventh Amendment. Accordingly, the Court dismisses Plaintiff's second, third, and fourth causes of action.

### B.  Federal Rehabilitation Act Claim

Defendant also argues that Plaintiff has not pled sufficient facts to support his claims under 29 U.S.C. § 794 ("Rehabilitation Act"). As discussed below, the Court is not persuaded by Defendant's arguments in favor of dismissal.

To succeed on a Rehabilitation Act claim, "a plaintiff must show: (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program *solely by reason of his disability*; and (4) the program receives federal financial assistance." Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (internal quotation marks omitted). Defendant argues that Plaintiff has failed to plead facts showing that he was denied a benefit "solely by reason of his disability," and that his allegation is entirely conclusory. Defendant does not argue that the Complaint is insufficient as to the other elements.

While Plaintiff only alleges a single incident, the Complaint clearly states that a San Diego City College employee "pointed at Mr. Seamont's wheelchair while telling him to leave." ¶19. The Court makes no findings as to the truthfulness of these allegations, but it must acknowledge such "allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Symington, 51 F.3d at 1484. Plaintiff's allegation that

Defendant's employee pointed at his wheelchair while ordering him to leave provides a sufficient factual basis for Plaintiff's claim that Defendant discriminated against him on the basis of his disability.  This is something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  While Plaintiff's account lacks extreme detail, "a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting Twombly, 550 U.S. at 554).

Defendant also alleges that "the entire Complaint . . . is ripe with speculative, conclusory allegations completely devoid of factual support." Defendant provides only two examples: First, Plaintiff's allegation that Defendants engaged in multiple "discriminatory practices," and second, Plaintiff's allegation that Defendants were part of a conspiracy against Plaintiff.  ¶¶ 12-13, 33.  The Court agrees that Plaintiff has not pled any facts in support of these allegations. However, neither multiple incidents of discrimination nor a conspiracy are essential elements of Plaintiff's Rehabilitation Act claim. Accordingly, Defendant's arguments regarding these allegations are irrelevant.

Applying the pleading standards set forth in Twombly and Iqbal, the Court finds that Plaintiff has alleged facts that raise a reasonable inference of liability under the Rehabilitation Act.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.**  Plaintiff's second, third, and fourth causes of action are dismissed.  Plaintiff's first cause of action for violation of the Rehabilitation Act may move forward.  Defendant shall file an answer to the Complaint within twenty-one days of the entry of this Order.

**IT IS SO ORDERED.**

DATED:  July 7, 2014

BARRY TED MOSKOWITZ, Chief Judge
United States District Court